DISSENTS, SAYING:
 {¶ 16} I respectfully dissent.
 {¶ 17} Oak Park has argued that the trial court has misinterpreted the statutory scheme of R.C. Chapter 1923 by requiring that Oak Park comply with the service and notice requirements of Civ.R. 4.1 through 4.6 before it may exercise its statutory right to remove, sell or destroy Via's manufactured home. I agree.
 {¶ 18} The applicable version of R.C. 1923.06 in effect at the time of the filing of the complaint provided, in relevant part:
 "(A) Any summons in an action, including a claim for possession, pursuant to this chapter shall be issued, be in the form specified, and be served and returned as provided in this section.
 "(C) The clerk of the court in which a complaint to evict is filed shall mail any summons by ordinary mail, along with a copy of the complaint, document, or other process to be served, to the defendant at the address set forth in the caption of the summons and to any address set forth in any written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which the clerk shall complete and file.
 "In addition to this ordinary mail service, the clerk also shall cause service of that process to be completed under division (D) or (E) of this section or both, depending upon which of those two methods of service is requested by the plaintiff upon filing the complaint to evict. *Page 12 
 "(D)(1) If requested, the clerk shall deliver sufficient copies of the summons, complaint, document, or other process to be served to, and service shall by made by, one of the following persons:
 "(b) The bailiff of the court for service when process issues from a municipal court[.]
 "(2) The person serving process shall effect service at the premises that are the subject of the forcible entry and detainer action by one of the following means:
 "(c) By posting a copy in a conspicuous place on the subject premises if service cannot be made pursuant to divisions (D)(2)(a) and (b) of this section[.]
 "(F) Service of process shall be deemed complete on the date that any of the following has occurred:
 "(2) Both ordinary mail service under division (C) and service by posting pursuant to division (D)(2)(c) of this section have been made."
 {¶ 19} In this case, Oak Park complied with the notice and service requirements set forth in R.C. 1923.06 in regard to his complaint requesting both restitution and possession. *Page 13 
 {¶ 20} The matter proceeded before the court without a jury, so that Oak Park's relief would necessarily be sought and granted pursuant to R.C. 1923.09.[3]
R.C. 1923.09(B) provides:
 "If a judgment is entered under this section in favor of a plaintiff who is a park operator, the judge shall include in the judgment entry authority for the plaintiff to permit, in accordance with section 1923.12 and division (B) of section 1923.13 and division (B) of section 1923.14 of the Revised Code, the removal from the manufactured home park and potential sale, destruction, or transfer of ownership of the defendant's manufactured home, mobile home, or recreational vehicle."
 {¶ 21} There is no dispute that Oak Park is a park operator.
 {¶ 22} The statute clearly mandates that the trial court include such authority in the judgment entry. In this case, it is not merely that the trial court omitted the mandated authority enunciated in R.C.1923.09(B). Rather, the trial court expressly refused to include the authority mandated by statute, upon finding that the defendant's property rights could only be taken away if the defendant had been served in accordance with Civ.R. 4.1 through 4.6. R.C. Chapter 1923, however, includes no such requirement. Instead, that chapter sets forth express notice and service requirements. R.C. 1923.06(A). The trial court, in effect, has *Page 14 
sua sponte determined that the notice and service requirements of R.C. Chapter 1923 are unconstitutional, despite no challenge to the constitutionality of those provisions.
 {¶ 23} R.C. 1923.09(B) provides the authority for Oak Park to further pursue the removal, sale, destruction or transfer of ownership of Via's manufactured home pursuant to R.C. 1923.12, which includes additional notice requirements. However, those remedies are only available where a judgment has been rendered pursuant to R.C. 1923.09 or 1923.11. In this case, notwithstanding Oak Park's success in proving the allegations in its complaint, the trial court has refused to render judgment in compliance with the mandates of R.C. 1923.09(B). Accordingly, I would reverse the judgment of the municipal court and remand the matter for issuance of a judgment entry which complies with those mandates.
[3] Both Oak Park and the trial court referenced relief pursuant to R.C. 1923.11. That section is applicable to verdicts rendered by a jury. R.C. 1923.09 addresses actions tried to a judge. The language in R.C.1923.09(B) and R.C. 1923.11(B) is identical. *Page 1